## LOWE ET AL. v. INDIANA HYDRO-ELECTRIC POWER COMPANY.

[No. 24,341. Filed March 21, 1924.]

1. EMINENT DOMAIN.—*Appointment of Appraisers.—Appeal From.—Statute.*—The statute (§933 Burns 1914, Acts 1905 p. 59, §5) expressly provides that in a proceeding in eminent domain, a landowner may appeal from the action of the court in appointing appraisers, from which it follows that, when the court overrules the defendant's objection that the plaintiff has

no right to exercise the power of eminent domain and appoints appraisers, an appeal may be taken to the Supreme Court. p. 410.

2. EMINENT DOMAIN.—*Appeal from.*—*Appeals from Interlocutory Orders.*—*Repeal by Implication.*—*Statute.*—The ¹act of 1921 (Acts 1921 p. 741, §1392a *et seq.* Burns' Supp. 1921) authorizing appeals from interlocutory orders in certain cases does not mention appeals from orders appointing appraisers in eminent domain proceedings and contains no repealing clause, and hence does not repeal §933 Burns 1914 authorizing appeals in such cases. p. 411.

From Tippecanoe Superior Court; *C. W. Moores,* Special Judge.

Eminent domain proceeding by the Indiana Hydro-Electric Power Company against Harry Lowe and others. From an order overruling defendant's objections and appointing appraisers, the defendants appeal. *Motion to dismiss appeal overruled.*

*Gaylord & Sills, Clarence Cowger* and *Noel, Hickam & Boyd,* for appellants.

*Emory B. Sellers, Mote & Goodrich* and *Stuart, Simms & Stuart,* for appellee.

PER CURIAM.—This is an appeal from a judgment appointing appraisers and overruling appellants' objections to the taking of such action in a proceeding in eminent domain for the alleged reasons that the trial court was without jurisdiction, and that the plaintiff (appellee) had no right to exercise the power of eminent domain for the use sought. Section 933 Burns 1914, (Acts 1905 p. 59, §5) expressly provides that under such circumstances the "defendants, or any of them, may appeal to the Supreme or Appellate Court from such decision as and in the manner that appeals are taken from final judgments in civil actions", and this appeal seems to have been perfected in conformity with that statute.

Chapter 251, Acts 1921 p. 741, §1392a *et seq.* Burns'

Supp. 1921, which authorizes appeals from interlocutory orders in certain cases, and prescribes the procedure to be followed in those cases, does not mention appeals from judgments appointing appraisers in proceedings to condemn lands under the power of eminent domain, and contains no repealing clause. It does not repeal the statute first above cited. The motion to dismiss the appeal is overruled.